NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

WILFREDO NOE GONZALEZ-MORALES, *Appellant.*

No. 1 CA-CR 16-0141
FILED 12-22-2016

Appeal from the Superior Court in Mohave County
No. S8015CR20070638
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Wilfredo Noe Gonzalez-Morales has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Gonzalez-Morales was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, the revocation of Gonzalez-Morales' probation and his resulting prison sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          In August 2007, Gonzalez-Morales was sentenced to four months in prison followed by three years of probation after having pled guilty to aggravated driving while under the influence of intoxicating liquor, a Class 4 felony, committed in April 2007. In February 2009, the State filed a petition to revoke Gonzalez-Morales' probation, alleging he violated his conditions of probation by driving with a suspended license; refusing a field sobriety test; refusing to provide a blood sample and consuming alcohol. Gonzalez-Morales entered into a written plea agreement in which he admitted to a probation violation and the parties agreed he would be reinstated on probation. The plea agreement stated that, if the court rejected the plea, either party could withdraw from the plea. Following a colloquy in open court with Gonzalez-Morales in March 2009, the court found his admission was made knowingly, voluntarily and intelligently and with a factual basis and, accordingly, the plea was accepted by the court and a disposition hearing scheduled for April 2009.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

¶3        Gonzalez-Morales failed to appear for his disposition hearing, and the court issued a bench warrant. After Gonzalez-Morales was taken into custody more than six years later, the superior court rejected the March 2009 plea and the State filed a supplemental petition to revoke probation. The State also offered Gonzalez-Morales a revised plea agreement that would have required him to serve a mitigated term of 2.25 years in prison. The court, however, rejected the plea agreement and set the matter for an evidentiary hearing on the petition to revoke.

¶4        At a contested evidentiary hearing in January 2016, where Gonzalez-Morales elected to testify, the court found he violated probation by driving when he knew his license was suspended, based on admissions he made during his testimony at that hearing. At a subsequent disposition hearing, after considering information provided and hearing argument, the superior court revoked Gonzalez-Morales' probation and sentenced him to 1.5 years in prison, with 215 days presentence incarceration credit. This court has jurisdiction over Gonzalez-Morales' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2016).[2]

## DISCUSSION

¶5        The record shows that Gonzales-Morales was represented by counsel at all relevant stages of the proceedings and counsel was present at all critical stages. The record provided contains substantial evidence supporting the revocation of his probation and resulting sentence. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the resulting sentence imposed was within statutory limits and the permissible range.

## CONCLUSION

¶6        This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, the revocation of Gonzalez-Morales' probation and resulting sentence are affirmed.

¶7        Upon the filing of this decision, defense counsel is directed to inform Gonzalez-Morales of the status of his appeal and of his future

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Gonzalez-Morales shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA